**GAIA TECHNOLOGIES, INC.,**
Plaintiff–Appellee,

v.

and

**David Gordon, Ira Rimer, Joel Holt and Richard Clark, Defendants–Appellants.**

Nos. 95–1345, 96–1346, and 96–1347.

United States Court of Appeals,
Federal Circuit.

Jan. 8, 1997.

*ORDER* *

Upon consideration of Plaintiff–Appellee Gaia Technologies' Motion for Leave (1) to File a Second Petition for Rehearing and Suggestion for Rehearing in banc, (2) to Recall the December 11th Mandate, and (3) to Vacate the Court's December 4th Denial of Gaia's Petition for Rehearing, it is

ORDERED

that the motion is GRANTED, to the extent of (1) withdrawing the mandate issued on December 11, 1996, and (2) granting leave to file a second petition for rehearing and suggestion for rehearing in banc out of time and requesting the simultaneous filing within 30 days of the date of this order, of supplemental briefs, not to exceed 30 pages, double spaced [1], limited to the following question: [2]

> Whether the decision of the Supreme Court in *Caterpillar, Inc. v. Lewis,* —— U.S. ——, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), compels the conclusion that the judgment following trial in this appeal should be affirmed because the jurisdictional defect was timely cured, including whether the *Caterpillar* case should be limited to cases involving diversity of citizenship and removal from state court, as opposed to federal question cases? [3]

Upon receipt of the briefs, the panel will inform the parties as to whether oral argument will be scheduled.

*ORDER*

ORDERED that the mandate be, and the same hereby is, RECALLED.

---

* NOTE: Pursuant to Fed.Cir.R. 47.6 this order is not citable as precedent. It is a public order.

1. Briefs shall follow the rules of this court with respect to filing and service. The format of the briefs should conform with Fed.Cir.R. 32 and 35(f) and 15 sets of briefs shall be filed.

2. The December 4 denial will stand but not preclude consideration of the merits of the new petition/suggestion, which is based on new authority. Arguments that could have been or were raised and authorities that could have been or were cited in the original petition/suggestion are not properly addressed to the court at this time

and will not be considered, except to the extent that they shed light on the effect, if any, of *Caterpillar v. Lewis,* —— U.S. ——, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), on the August 19, 1996 decision of the panel (as modified by the December 4, 1996 Order of the panel). The motion is granted solely for the purpose of considering what effect, if any, *Caterpillar* should have on the panel's decision.

3. The panel has read the *Caterpillar* decision and the parties are encouraged to avoid needless repetition of the facts and text of the opinion.